**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS LEON, | No.  22-55804 |
| Plaintiff-Appellant, | D.C. No. |
| v. | 3:20-cv-00899-AJB-BGS |
| ALVARO CELAYA, Correctional Officer; JAMES MARTINSON, Correctional Sergeant, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted August 27, 2024**

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Carlos Leon appeals pro se from the district court's order granting summary

judgment for the defendants in his 42 U.S.C. § 1983 action alleging constitutional

violations during a mass cell search by correctional officers Alvaro Celaya and

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

James Martinson. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to this decision. We affirm.

The district court properly granted summary judgment on Leon's First Amendment claim because Leon did not raise a triable dispute as to whether the correctional officers retaliated against Leon when they handcuffed him during a mass cell search. The record shows that there is no evidence that the correctional officers even knew about Leon's prior grievances when the mass cell search occurred. Hence, Leon's allegations are mere speculation. *See Wood v. Yordy*, 753 F.3d 899, 904-05 (9th Cir. 2014). The correctional officers' conduct also served the legitimate correctional goal of "preserving institutional order and discipline." *See Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994).

The district court properly granted summary judgment on Leon's Eighth Amendment claim because Leon did not raise a triable dispute as to whether the correctional officers used excessive force when they handcuffed Leon during the mass cell search. Leon only complained about one incident, and a single complaint relating to tight handcuffs does not establish excessive force where no other abusive conduct, injury or pain is alleged. *See, e.g.*, *Wall v. County of Orange*, 364 F.3d 1107, 1109-11 (9th Cir. 2004) (finding excessive force and remanding where plaintiff alleged that officer physically attacked plaintiff from behind, twisted his right arm behind his back, forced him face down into a patrol car, and then

2

handcuffed him tightly and refused to loosen handcuffs).  Celaya assured Leon that he would find another officer to assist in loosening the handcuffs since Celaya's handcuff key was broken.  The record also shows that there is no evidence that the correctional officers exhibited any violence towards Leon.

The district court properly found that the correctional officers were entitled to qualified immunity because the correctional officers did not violate any constitutional right.  *See Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part on other grounds by Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Finally, the district court properly found that it was not necessary to decide whether Leon exhausted administrative remedies before filing suit because there were independent grounds to grant summary judgment in favor of the correctional officers.  The correctional officers are entitled to summary judgment both on Leon's First Amendment retaliation claim and Eighth Amendment excessive force claim, in addition to receiving qualified immunity.

We do not consider issues that were not argued specifically in the opening brief.  *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).

**AFFIRMED.**